IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

SKYLER GRIEBEL,

             Petitioner,

    vs.

SHERIFF BRAD BICHLER,
ATTORNEY GENERAL OF THE
STATE OF MONTANA,

           Respondents.

Cause No. CV 25-140-BLG-DWM

ORDER

Petitioner Skyler Griebel ("Griebel"), a state pro se prisoner, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and brief in support. (Docs. 1 & 2.) Griebel subsequently filed a supplement to his petition. (Doc. 3.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

**Background**

This is Griebel's third habeas petition challenging the Deliberate Homicide charge filed against him in Montana's Sixth Judicial District, Park County. The first two petitions Griebel filed as a pretrial detainee, he now stands convicted. The procedural history of his criminal matter has been discussed at length in prior orders but will briefly be summarized herein.

Griebel was originally arrested and charged with Deliberate Homicide in February of 2022. In his initial federal petition, he alleged : (1) the State of Montana denied him an evidentiary hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in contravention of clearly established federal law; and (2) the Montana Supreme Court unlawfully denied his motion to disqualify the trial judge following the judge's public reprimand and thirty-day suspension by the Judicial Standards Commission. This petition was filed while Griebel was awaiting trial. Judge Watters considered Griebel's petition and determined that all of the factors set forth in the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), were met, precluding this Court's review. *See, Griebel v. State, et al.*, Cause No. CV-23-88-BLG-SPW, Or. at 7-9 (D. Mont. Aug. 7, 2023). Further, Judge Watters determined there was no extraordinary circumstance that would warrant this

Court's intervention in Griebel's ongoing state proceedings. (*Id*. at 8-9.) The matter was dismissed.

Griebel's underlying state case was vigorously litigated and the parties engaged in heavy pretrial motion practice, including Griebel's challenge to a purported denial of his right to a speedy trial. *See e.g., State v. Griebel*, 2024 MT 295N, ¶¶4-14, 2024 WL 5055583. Following a hearing on the speedy trial motion, the district court found that Griebel's speedy trial right had been violated and granted Griebel's motion to dismiss.

The State appealed. The Montana Supreme Court considered each of the balancing factors set out in *State v. Ariegwe*: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's response to the delay; and (4) prejudice to the accused. *Griebel*, at ¶17, *citing Ariegwe,* 2007 MT 204, ¶¶106-111, 228 Mont. 442, 167 P. 3d 815. The Court found that the first factor weighed significantly against the State because the 619-day delay in Griebel's trial greatly exceeded the 200-day threshold. *Griebel*, at ¶¶18-19. The second factor weighed lightly against the State, as each delay that occurred was institutional in nature. *Id*. at ¶¶22-29. Similarly, the fourth factor weighted lightly against the State. While there was a loss of some witnesses and diminished memory of others, Griebel took no steps to mitigate the prejudice to his case. *Id*. at ¶¶34-41.

Importantly, the Court weighed the third factor heavily against Griebel. It found that he engaged in extensive motion practice that had dubious legal merit and was largely repetitive in nature. Particularly, two motions to dismiss were denied, as were writs of supervisory control, in addition to Griebel's federal habeas petition. *Id*. at ¶31. Griebel's "clear disinterest in bringing his case to trial, expressed by both his actions and his counsel's words" considerably diminished the weight of the other three factors. The Court determined Griebel was not deprived of his right to a speedy trial. *Id*. at ¶41. The lower court's dismissal was reversed, and the matter was remanded for further proceedings.

While Griebel was awaiting his October 20, 2025, trial date, he filed a second federal habeas petition, pursuant to 28 U.S.C. § 2241. *See, Griebel v. Bilcher*, Cause No. 25-CV-44-BLG-DWM, Pet. (filed April 4, 2024.) *See*, (Doc. 14-109.) Although Griebel was represented by counsel in the criminal matter, he filed his petition pro se.

There, Griebel alleged: (1) his Sixth Amendment right to a speedy trial was violated in his state criminal proceedings; (2) the State violated his right to due process by failing to turn over discovery, destroying evidence, and the losing witnesses; and (3) the Montana Supreme Court's decision reversing the dismissal of his case via a non-cite opinion demonstrated bad faith and harassment. Griebel

4

asked this Court to reverse and remand the Montana Supreme Court's decision
with instructions to uphold the district court's original dismissal. (*Id*.)

The State was directed to respond and argued that Griebel's second and third
claims were not cognizable and that abstention under the rule of *Younger v. Harris*
was appropriate. *See, Griebel v. Bilcher*, Cause No. 25-CV-44-BLG-DWM, Ans.
(filed June 13, 2024.) The State also contended that Griebel's right to a speedy
trial was not violated.

It was determined that Griebel was still in the midst of a "single criminal
prosecution" and that consideration of his petition was barred by *Younger* and its
progeny. *Griebel v. Bilcher*, Cause No. 25-CV-44-BLG-DWM, Ord. at 5-6 (D.
Mont. Oct. 1, 2025.) Because all of the *Younger* factors were met and there was no
clear demonstration of bad faith, or irreparable injury by the state, review of
Griebel's Section 2241 was precluded. (*Id*. at 6-8.) The matter was dismissed.

**Griebel's Claims**

In the instant petition, Griebel asserts again that his right to a speedy trial
was violated, and the Montana Supreme Court erred in its decision reversing the
district court. (Doc. 1 at 4.) In his supplement, Griebel alleges the State changed
the theory of their speedy trial argument on appeal, thus, unjustly presenting a new
legal argument. (Doc. 3.) Griebel asks that the Montana Supreme Court's order
finding no speedy trial violation occurred be reversed.

**Analysis**

On October 20, 2025, a jury convicted of Griebel of Deliberate Homicide. He is scheduled to be sentenced on January 23, 2026.  Following his conviction, Griebel's attorneys filed several post-trial motions including, a motion for a new trial and/or to change the verdict, and supplemental filings in support. *See generally*, Register of Action, *State v. Griebel*, Cause No. DC-22-33.[1]  It appears that a speedy trial issue is one of the claims that defense counsel is advancing in the motion for a new trial.

A review of Griebel's petition reveals his belief that it would be appropriate to consider his claims because he has now been convicted and seeks to challenge the 2024 order of the Montana Supreme Court finding no speedy trial violation occurred. *See*, (Doc. 1 at 5.)  As an initial matter, Griebel is advised that a federal district court does not "sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.  *Smith v. McCotter*, 786 F. 2d 697, 700 (5th Cir. 1986).  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004).

---

[1] For purposes of clarity, a copy of the docket sheet for *State v. Griebel*, DC 22-33, will be attached to this Order as an exhibit.

Griebel is now in a different procedural position than he was previously; he is a convicted state prisoner, awaiting sentencing.  During the filing period of Griebel's prior petitions, he was a proceeding as a pretrial detainee attacking the validity of his custody status.  He was authorized to proceed in this Court under 28 U.S.C. §2241, which allows for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition.  *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004).  Now that he is convicted, Griebel must proceed under 28 U.S.C. § 2254, which applies to prisoners who are in custody pursuant to a state court conviction.  *White*, 379 F. 3d at 1009-10.  The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

But a federal court may entertain a Section 2254 petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a

policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, following his sentencing, Griebel will be challenging his state judgment of conviction.  Griebel must first exhaust all federal claims relative to that judgment.  Accordingly, the state courts have not yet considered the claims Griebel attempts to advance against the judgment of conviction.

Moreover, Griebel has active motions challenging his conviction pending before the state district court. If he is denied relief in the lower court, Griebel has the ability to file a direct appeal and to seek collateral review in the state courts. Griebel must present his federal constitutional claims relative to his judgment of conviction to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his claims. *O'Sullivan*, 526 U.S. at 845. Because Griebel has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Griebel to return to this Court if and when he fully exhausts the claims relative to his current custody.

Griebel is additionally cautioned that a petitioner generally has only one opportunity to file a federal habeas petition challenging a state judgment of conviction. *See* 28 U.S.C. § 2244(b); *see also*, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Any continued pro se filings relative to his Deliberate Homicide conviction, including unexhausted claims and/or non-cognizable claims, may have a preclusive effect on his ability to seek and obtain future federal habeas relief. Griebel is encouraged to consult with counsel prior to filing further in the United States District Court.

//

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Griebel has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Griebel's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2.  The Clerk of Court is directed to attach a copy of the docket sheet in *State v. Griebel*, DC 22-33, as an exhibit to this Order.

3.  The Clerk of Court is directed to enter a judgment of dismissal.

4.  A certificate of appealability is DENIED.

DATED this 7 day of January, 2026.

Donald W. Molloy, District Judge
United States District Court